WALTER C. JANNEY AND PAULINE F. M. JANNEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86849.   Promulgated January 31, 1939.

*Bernhard Knollenberg, Esq.*, for the petitioners.
*James D. Head, Jr., Esq.*, for the respondent.

OPINION.

BLACK: The Commissioner has determined a deficiency in income tax against petitioners for the year 1934 of $37,109.29.

The petition assigns two errors, as follows:

(1) The respondent has erroneously disallowed a loss of $89,963.35 sustained by the petitioner, Walter C. Janney, upon the sale of capital assets during said year 1934, notwithstanding the inclusion in the petitioners' joint return for said year 1934 of gains from the sale of capital assets by the petitioner, Pauline F. M. Janney, in the amount of $94,491, in contravention of sections 51 (b) and 117 (d) of the Revenue Act of 1934.

(2) The respondent has erroneously attributed a capital loss of $729.82 (appearing in the petitioners' joint return as an item in arriving at a net income of $21,564.31 from the W. C. Janney trust) to the petitioner, Walter C. Janney, whereas in fact said W. C. Janney trust was created by the petitioner Pauline F. M. Janney and said capital loss should be attributed to her and allowed as a deduction against the capital gains of said petitioner, Pauline F. M. Janney, in any event.

A stipulation has been filed which disposes of issue (2) above in petitioners' favor. Effect will be given to this stipulation in a recomputation under Rule 50.

The facts in this proceeding have all been stipulated and we adopt them as our findings of fact. The following resumé of the facts will suffice for the purposes of this opinion:

The petitioners are husband and wife, residing at Bryn Mawr, Pennsylvania, and were living together throughout the year 1934. During the year 1934 the wife, Pauline F. M. Janney, realized gains from the sale of capital assets in the amount of $127,501.02. The amount of such gains to be taken into account under section 117 (a) of the Revenue Act of 1934 was $94,491. During the year 1934 the husband, Walter C. Janney, suffered losses from the sale of capital assets in the amount of $229,544.66, of which the amount to be taken into account under section 117 (a) of the Revenue Act of 1934 was $91,963.35.

The petitioners filed a single joint return for the year 1934 with the collector of internal revenue for the first district of Pennsylvania at Philadelphia, Pennsylvania. In this return the capital gains of the wife, in the amount of $94,491 as stated above, were included in gross income, and the capital losses of the husband in the amount of $91,963.35 were deducted in toto. The joint return showed a net income (including other items not concerned in this case) of $26,160.30, on which normal and surtaxes in the amount of $1,648.91 were computed.

In determining the deficiency the respondent, in accordance with the provisions of article 117-5 of Regulations 86, determined that the losses of petitioner Walter C. Janney from the sale of capital assets could not be applied to reduce the gains realized by petitioner Pauline F. M. Janney from the sale of capital assets. Accordingly, respondent refused to permit the losses of petitioner Walter C. Janney from the sale of capital assets in the amount of $91,963.35 to be offset against the gains from the sale of capital assets in the amount of $94,491 realized by petitioner Pauline F. M. Janney for the purpose of computing their net taxable income for the calendar year 1934, except to the extent of the $2,000 limitation provided for by section 117 (d) of the Revenue Act of 1934. By reason of such holding, respondent in-

creased the capital gain reported by the petitioners on their joint return by an amount of $89,963.35.

The applicable sections of the statute and the Treasury regulations promulgated in pursuance thereof are printed in the margin.[1] By a reading of article 117–5 of Regulations 86 it will be seen that the situation which we have in the instant case is specifically covered thereby.

It is well settled that regulations promulgated by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, and pursuant to authority granted in the statute, have the force and effect of law if they are reasonable and are not in conflict with some express provision of the statute. *Maryland Casualty Co.* v. *United States* (1920), 251 U. S. 342, 349, and cases there cited; *United States* v. *Eliason* (1842), 16 Pet. 291; *Ex parte Reed* (1879), 100 U. S. 13; *In re Kollock* (1897), 165 U. S. 526; *Alfred E. Fuhlage* (1935), 32 B. T. A. 222, 229.

The petitioners concede that the aforementioned regulation is applicable and that it sustains the action taken by the Commissioner in his determination of the deficiency, if it is valid. Petitioners contend that the regulation is invalid in that it puts an interpretation on the provisions of section 117 (d) of the Revenue Act of 1934 which is not justified by the language of that provision when read in conjunction with other provisions of the same revenue act. Petitioners' contention may be summarized to be briefly this: That in ap-

---

[1] Revenue Act of 1934—
SEC. 51. INDIVIDUAL RETURNS.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) HUSBAND AND WIFE.—If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

SEC. 117. CAPITAL GAINS AND LOSSES.

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges.

Regulations 86—

ART. 51–1.—\* \* \* A husband and wife living together for the entire year need make no returns unless their aggregate gross income for the taxable year is at least $5,000, or their aggregate net income is at least $2,500. If their aggregate net income for the taxable year is $2,500 or more, or their aggregate gross income is $5,000 or more, either each must make a return or the income of each must be included in a single joint return. \* \* \* If the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income. A joint return of husband and wife may be filed only if they were living together at the close of their taxable year. If one spouse dies prior to the last day of the taxable year, the surviving spouse may not include the income of the deceased spouse in a joint return for such taxable year. \* \* \*

ART. 117–5. *Application of section 117 in the case of husband and wife.*—In the application of section 117, a husband and wife, regardless of whether a joint return or separate returns are made, are considered to be separate taxpayers. Accordingly, the limitation under section 117 (d) on the allowance of losses of one spouse from sales or exchanges of capital assets is in all cases to be computed without regard to gains and losses of the other spouse upon sales or exchanges of capital assets.

plying section 117 (d) to a joint return filed by husband and wife it should be construed as if it read thus:

*In a joint return of husband and wife* losses *of both spouses* from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains *of both spouses* from such sales or exchanges.

When we consider that it is now well settled that although husband and wife may, under the permission granted them by law, file a joint return, they are nevertheless regarded as separate taxpayers, we think the construction of section 117 (d) for which petitioners contend is not admissible. A very similar contention was made in *H. Denny Pierce et al.*, 37 B. T. A. 225, as to the construction of section 23 (r) (1) of the Revenue Act of 1932, but we denied it.

In the *Pierce* case husband and wife filed a joint income tax return. The husband realized profits in the taxable year from sales of securities held less than two years but sustained no losses from such sales. The wife sustained losses in the taxable year from such sales but realized no profits from like sales. We held that under section 23 (r) (1) of the Revenue Act of 1932 the wife could not deduct the loss from her gross income not connected with the sale of securities held less than two years; nor could the husband in a joint return offset the wife's loss against his profits from the sale of securities held less than two years.

Section 23 (r) (1) of the Revenue Act of 1932, which was involved in the *Pierce* case, reads as follows:

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations). * * *

While section 117 (d) of the Revenue Act of 1934, involved in the instant case, deals with the subject of "Limitation on Capital Losses", whereas section 23 (r) (1) of the Revenue Act of 1932 deals with the subject of "Limitation on Stock Losses" from the sale of securities held for less than two years, we can see no valid reason why a different construction should be given to section 117 (d) of the Revenue Act of 1934 in applying it to a joint return of husband and wife than that which we gave under similar circumstances to section 23 (r) (1) of the Revenue Act of 1932 in the *Pierce* case. Our decision in the *Pierce* case was recently affirmed by the Second Circuit in *Pierce* v. *Commissioner*, 100 Fed. (2d) 397.

On the authority of the *Pierce* case, *supra*, we affirm the Commissioner in applying the provisions of section 117 (d) of the Revenue Act of 1934 to the joint return filed by petitioners.

*Decision will be entered under Rule 50.*