*Decision will be entered under Rule 50.*

HENRY W. TAFT AND JULIA W. S. TAFT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90321.   Promulgated July 13, 1939.

*Clarence Castimore, Esq.*, for the petitioners.
*Sidney U. Hiken, Esq.*, for the respondent.

#### OPINION.

HILL: This proceeding is for the redetermination of income tax deficiencies for the years 1934 and 1935 in the respective amounts of $722.79 and $827.17.   The issue is whether or not respondent correctly computed deductions allowable on account of charitable contributions made by a wife from income shown in a joint income tax return filed for herself and husband.

The petitioners are husband and wife and when referred to individually in this opinion will sometimes be called "husband" and/or "wife."   They reside in New York City, New York, and for each of the taxable years they filed a joint income tax return.   Petitioners' return for 1934 showed an aggregate net income of $83,682.99, after a deduction of $2,852 was taken from gross income on account of contributions made by both petitioners during the year to charities.   Of this sum deducted, $1,477 represented contributions made by the wife and the balance represented gifts made by the husband during the year.   The wife's net income, computed without reference to such contributions for the year and reported in the return, amounted to $12.10. The petitioners' return for 1935 reflected a joint net income of $92,374.59, after deducting $2,715.80 for charitable contributions made in the year.   Of this latter sum $1,545.80 represented gifts made by the wife, and the balance gifts by the husband in the year.   The wife's net income in 1935, computed without reference to such contributions, amounted to the sum of $15.30.   The wife's contributions to charities

were made from gifts to her by the husband. During the years 1934 and 1935 and for many years prior thereto the husband had made gifts to the wife through bank checks and cash. Such gifts in 1934 and 1935 totaled more than $9,000 a year. Such checks and cash were in the main deposited by the wife in her own bank account and checked out by her for such purposes as she desired, including the charitable gifts in question. No conditions were attached to the gifts of the husband to the wife and no restrictions were imposed upon the use to which the wife might devote the proceeds thereof. They became her property absolutely to use as she pleased. The husband consulted with the wife at times respecting her gifts to charity and at times made suggestions with reference thereto, but did not direct what gifts the wife should make or in any way control her actions in respect thereof. In respondent's audit of the returns for the taxable years, he adjusted the deduction claims in each by allowing only so much of the portion attributable to gifts of the wife as equaled 15 percent of her individual net income computed without reference to such contributions for the related year. The net result of respondent's adjustments was to reduce the amount of deduction claimed for the wife's gifts in 1934 from $1,477 to $1.81, and the amount of deduction allowed for her gifts in 1935 from $1,545.80 to $2.30. The petitioners charge that respondent committed error in such adjustments and contend that the aggregate net income shown in each return should have been used as the base for determining the deductions for charitable contributions in each year.

The issue is governed by section 23 (o) of the Revenue Act of 1934, which provides that in computing net income of individuals deductions shall be allowed for charitable and other contributions made during the taxable year to an amount which does not exceed 15 percent of the taxpayer's *net income* as computed without benefit of the subsection, and by section 51 (b) (2) of the act, which provides that where a husband and wife report their individual incomes in a single joint return the tax shall be computed on the aggregate income. The respondent's interpretation of these provisions is found in Treasury Regulations 86, which reads in part as follows:

ART. 23 (o)–1. *Contributions or Gifts by Individuals.*—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Whether a husband and wife make a joint return or separate returns, the 15 per cent limitation on the deduction for contributions or gifts is based on the separate net income (computed without regard to such contributions or gifts) of the spouse making the contributions or gifts. (See article 51–1.)

ART. 51–1. *Individual returns.*—\* \* \* if the income of each [spouse] is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income.

The petitioners contend that the respondent had no right to break down the aggregate incomes shown in their returns and use the wife's individual net income in each as the base in applying the statutory percentage of 15 percent to determine the allowable deduction with respect to her contributions to charities. Petitioners assign two reasons why under their theory this act of the respondent constituted error. Their first reason is based upon special facts which they seek to show the record sustains. They claim that in substance and for all practical purposes the gifts here in dispute were made by the wife for and in behalf of the husband and should be so treated in the returns. They point to the showing made in the record to the effect that, except for the nominal sums derived from dividends upon six shares of Continental Can Co. stock, the wife had no income or source of revenue, and that all of these gifts were made from a fund built up and accumulated from money supplied by the husband. Under such circumstances the petitioners argue the gifts should be considered as family gifts, in making which the wife acted as agent for the husband.

We do not think the record warrants the findings of fact petitioners urge in this first contention. It is true that substantially all of the gifts in question were made from money which the husband had from time to time given to the wife, and that her independent income was so insignificant as to justify our ignoring it as a feature. These circumstances, however, are without importance in view of the fact the funds when given belonged to the wife and were at all times her sole property and subject to her unrestricted use and control. This question as to the wife's clear title to the funds in question is so conclusively shown in the record as to leave no room for doubt or require argument to sustain. Nor did the husband contend otherwise when testifying on this phase of the case as a witness at the hearing, but frankly stated that he made all gifts to his wife without restrictions and for her sole use, benefit, and control.

The record shows that the husband and wife sometimes discussed with each other the question of gifts which each intended to make to charities, and the former stated in his testimony that for a number of years he had known of his wife's gifts and that "there may have been a case" where they discussed them in order to determine the amount he would "contribute directly in addition", but he could not recall "any particular one." Generally speaking, he said that the wife selected the beneficiaries for and amounts of her contributions without advice from him. The petitioners attach importance to the consultations between husband and wife referred to in the above statement and argue that it supports the theory that the former in this case exercised sufficient control over the gifts to make him the prin-

cipal and the wife his agent in their giving, but we do not think so. At most they show that the husband may have been influenced by the gifts made or to be made by the wife, but in no respect do they indicate that her gifts were controlled by him. Rather, we think, the explanations made by the husband on the witness stand negative the agency theory and support the respondent's side of the controversy on this point. On this question we overrule the contentions of the petitioners and hold that the gifts here involved were made by and in behalf of the wife from her individual funds.

Petitioners next argue that, in any event, the respondent erred in using the individual income of the wife as the percentage base for computing deductions attributable to her donations. On this issue they argue that the result of the filing of a joint income tax return by husband and wife under section 51 (b) (2), *supra*, is to create a taxing entity with a single income from and by which all deductions are made and determined. We do not agree with this contention. The spouses do not lose their identities as individual taxpayers by joining in a single income tax return. *Pierce* v. *Commissioner*, 100 Fed. (2d) 397, and cases therein cited; *Walter C. Janney*, 39 B. T. A. 240.

Accordingly, the amount of the deduction in the joint return on account of the wife's contributions to charities must be determined on the basis of her individual net income and the application thereto of the statutory formula in section 23 (o), *supra*, as was done by the respondent herein.

The rule contended for by the petitioners would violate the formula fixed in the statute and substitute a new one not applicable to the income of the taxpayer who gave, but to his income increased by the income of another, a stranger to the gifts. It is obvious that such construction of the provision would pervert the object of the law and by the enlarged deduction resulting therefrom extend its benefits to one in no way connected with the gifts on which deductions are claimed. In our opinion such a construction is unauthorized. The regulation applied by the respondent prevents such a perversion of the act and protects all rights of both the Government and the taxpayer. It allows all deductions and credits to which either spouse to such a return would be entitled in making an individual return. In our opinion the respondent committed no error in applying law to the facts at bar and we therefore sustain his action herein.

*Decision will be entered for the respondent.*